IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYLON JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-0638 |
| | § | (JURY TRIAL) |
| WAGNER'S CARNIVAL | § | |
| ALMEDA MALL, and | § | |
| ANTHONY SCHIMIDT | § | |
| Defendants. | § | |

## DEFENDANT ALMEDA MALL'S MOTION FOR A MORE DEFINITE STATEMENT

COMES NOW, Defendant Almeda Mall, who files this Motion for a More Definite Statement, showing in support as follows:

## I.
## FACTUAL BACKGROUND

1. On December 14, 2022, Plaintiff, Jaylon Johnson, initiated this action with the filing of his Original Petition, Requests for Disclosure, and Jury Demand (hereafter, "Plaintiff's Petition"), in state court. (Docket Entry No. 1-1 at 11-18).

2. Plaintiff's Petition ¶ 1 alleges that "Almeda Mall allowed Wagner Carnival to continue to operate on its premises despite the knowledge that the Carnival workers have a history of severely injuring others and causing death." *Id.* at 11.

3. Plaintiff's Petition ¶ 11 alleges that "[a]t the time and on the occasion in question, Defendants Gilbert Herrera, Wagner's Carnival, and Almeda Mall each had a duty to exercise the degree of reasonable care that a reasonably prudent mall parking lot and carnival owner and security provider would use to avoid harm to others under circumstance similar to those described herein, and to protect its patrons." *Id.* at 13.

Page 1

**Defendant Almeda Mall's Motion for a More Definite Statement**

4. Plaintiff's Petition ¶ 12 alleges that Plaintiff's damages were proximately caused by the breach of the duty alleged in ¶ 11 by Defendants Wagner's Carnival and Almeda Mall. *Id.*

5. Plaintiff's Petition ¶ 13 alleges that Defendant Almeda Mall breached its duty to Plaintiff by failing to protect Plaintiff from assaults committed by third parties. *Id.*

6. Plaintiff's Petition ¶ 14 alleges that the breach of duty alleged in ¶ 13 constituted negligence. *Id.* at 13-14.

7. Plaintiff's Petition, at the unnumbered paragraph under the heading "NEGLIGENT SECURITY BY DEFENDANT ALMEDA MALL," alleges that, "to the extent either Wagner's Carnival and Almeda Mall alleges there was criminal activity by a third party that may have caused or contributed to the injuries of plaintiff, Wagner's Carnival, and Almeda Mall were on notice of past specific instances of criminal conduct sufficient enough to require properly trained staff to prevent these types of injuries from occurring." *Id.* at 14.

8. On February 17, 2023, Defendant Wagner's Carnival filed its Notice of Removal on federal-question grounds. (Docket Entry No. 1).

9. Defendant Almeda Mall now files this Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e) because Plaintiff's Petition is so vague and ambiguous that Defendant Almeda Mall cannot reasonably prepare a response.

## II.
## ARGUMENT & AUTHORITIES

10. Under Texas law, "a person has no legal duty to protect another from the criminal acts of a third person or control the conduct of another." *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996) (citing *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995);

*Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983)).

11. "This general no-duty rule, however, is not absolute," and there are narrow exceptions under which premises liability may be imposed for the criminal acts of third parties. *Id.* (citing *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985)). "One who controls the premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee." *Lefmark Management Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997); *Centeq*, 899 S.W.2d at 197. The exception applies "only when the risk of criminal conduct is so great that it is both unreasonable and foreseeable." *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999).

12. Texas courts look to the *Timberwalk* factors—which are similarity, recency, frequency, and publicity–to determine if the risk of criminal conduct was foreseeable. *Id.* at 656-57 (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex.1998)).

13. Under Texas law, "a landowner has no general duty to not be negligent toward those entering the land. The extent of a landowner's liability for injuries caused by a condition existing on the land depends on the status of the injured person. Thus, the scope of a landowner's duty depends on whether, at the time of the injury, the person on the land was an invitee, a licensee, or a trespasser." *Id.* at 660 (Enoch, J., concurring).

14. In the case at bar, Plaintiff's Petition does not state the date and time at which the occurrence made the basis of suit occurred. Without the date and time, Defendant Almeda Mall cannot determine whether Plaintiff was an invitee, a licensee, or a trespasser. This

information is relevant to determine the scope of Defendant Almeda Mall's duty to Plaintiff, if any, because if the incident occurred after the carnival and mall closed, then Plaintiff was a trespasser on the premises. *See Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 915-918 (Tex. App.-Houston [14th Dist.] 2009, no pet.) (discussing standards governing liability to claimants who are not invitees).

15. In the case at bar, Plaintiff's Petition does not state the specific previous criminal conduct that made it so that the criminal conduct that proximately caused Plaintiff's injuries was foreseeable. As a result, the allegations are so vague and ambiguous as to prevent Defendant Almeda Mall from proving or disproving that such criminal conduct was sufficiently similar, recent, frequent, and public to justify imposing a legal duty on Defendant Almeda Mall to mitigate the risk of criminal conduct to Plaintiff. *See, e.g., id.* at 922 (holding that previous crimes were not sufficiently frequent or similar to make murder at shopping center between 4:00 a.m. and 6:00 a.m. foreseeable).

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Almeda Mall pray that the Plaintiff be ordered to amend his complaint to specifically allege the date and time of the occurrence made the basis of suit, the alleged status of the Plaintiff on Almeda Mall's premises, and what specific acts rendered foreseeable the risk of the criminal conduct that proximately caused Plaintiff's injuries. Defendant Almeda Mall further prays that Plaintiff's Petition be struck if Plaintiff fails to replead within 14 days of the Court's order.

Respectfully submitted,

**FEE, SMITH & SHARP, L.L.P.**

/s/ *Kyle J. Moore*

**BRIAN G. CANO**
State Bar No. 24045613
**KYLE J. MOORE**
State Bar No. 24117775
2777 Allen Parkway, Suite 800
Houston, Texas 77019
(713) 362-8300
(713) 362-8302 [Fax]
bcano@feesmith.com
kmoore@feesmith.com

**ATTORNEYS FOR DEFENDANT ALMEDA MALL**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all counsel of record through the Court's electronic-filing system on April 17, 2023.

/s/ *Kyle J. Moore*
**Kyle J. Moore**