IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYLON JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-cv-00638 |
| | § | |
| GILBERT HERRERA, et al. | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## THE JOINT DISCOVERY/CASE-MANAGEMENT PLAN

TO THE HONORABLE JUDGE LEE ROSENTHAL:

The parties' counsels, UA Lewis, Essay Eden, and Kyle Moore have met via phone and email on April 18, and 19, 2023, to discuss the case and prepare the Joint Discovery/Case Management Plan and Proposed Scheduling and Docket Control Order and present the following:

The nature of the claims in this case involves allegations of negligence, gross negligence, premises liability, and intentional torts. In addition, claims under 42 U.S.C. Sec. 1981(c) based on alleged racially motivated discrimination by Defendants Wagner Carnival and its owner and employees that resulted in the plaintiff's injuries are the bases for this court's jurisdiction and the basis for removal. Plaintiffs alleged that Defendants Gilbert Herrera, Wagner's Carnival, and Almeda Mall each had a duty to exercise the degree of reasonable care that a reasonably prudent mall parking lot and carnival owner

and security provider would use to avoid harm to others under the circumstances similar to those described and to protect its patrons. In addition to racially motivated assault and battery claims against Gilbert Herrera and other employees of Wagner and Almeda Mall. Each defendant has denied all allegations against them.

i. dates for joining additional parties or amending pleadings;

**The parties have agreed to a Joinder/Amended Pleading deadline of August 14, 2023.**

ii. any agreements on disclosures or discovery of electronically stored information;

**Within 7 days of filing this Plan, the parties agree to exchange initial disclosures and have already begun sharing pertinent information.**

iii. any agreements for asserting claims of attorney-client privilege or of trial-preparation protection after production;

**None at this time.**

iv. whether discovery can be initially focused on information relevant to the most important issues, available from readily accessible sources;

**This case does not involve complex issues; therefore, the parties do not see a need for focused information on the most important issues.**

v. whether discovery should be conducted in phases, or initially limited to certain issues;

**This case does not involve complex issues; therefore, the parties do not see a need for discovery to be conducted in phases or limited issues.**

vi. the date or dates when the parties will disclose information and exchange documents under Rule 26(a)(1);

**Within 7 days of filing this Plan, the parties agree to exchange initial disclosures as stated above.**

vii. whether expert witnesses are needed on issues other than attorney's fees and, if so, the dates by which each party can disclose its expert witnesses' identities and reports, dates by which each party's experts can be deposed, and whether serial or simultaneous disclosure is appropriate;

**The parties agree that by October 6, 2023, The plaintiff, or the party with the burden of proof on an issue, will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. and by November 6, 2023, The opposing parties will designate expert witnesses in writing and provide the report required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.**

viii. whether the parties agree to submit attorney's fees issues to the court by affidavit after liability and damages are resolved;

**Plaintiff does not agree and would prefer to testify on the attorney fees damages, if any, but reserves the right to elect to submit attorney fees to the court by affidavit.**

ix. whether the Rule 30(a)(2)(A) presumptive limit of 10 depositions per side and the Rule 33(a) limit of 25 interrogatories per party should apply and, if not, the reasons why;

**The parties agree Rule 30(a)(2)(A) applies and will seek leave to expand the scope if necessary.**

x. the depositions that need to be taken and in what sequence;

**Plaintiff intends to depose all fact witnesses, including the defendants and the 30(b)(6) designated witnesses and expert witnesses but has yet to determine the sequence.**

**Defendants intend to depose all fact witnesses, including the Plaintiff, and the 30(b)(6) designated witnesses and expert witnesses but have yet to determine the sequence.**

xi. the dates by which initial focused or targeted discovery will be completed, and by which fact discovery and expert discovery will be completed;

**The parties anticipate that discovery can be completed by February 15, 2024.**

xii. whether the case is likely to generate a motion to dismiss, a motion for summary judgment, or other dispositive motion; the best dates for filing and responding to those motions; and how those motions should affect the pretrial schedule and discovery plan;

**The parties have agreed to a dispositive deadline of March 15, 2024, which would not affect the pretrial schedule or discovery plan.**

xiii. the most promising approach and timing for settlement efforts;

**Mediation is likely the most promising approach, coupled with informal negotiations. The parties have agreed to a mediation deadline of January 26, 2024.**

xiv. any other matters pertinent to completing discovery;

**None at this time.**

xv. when the case will be ready for trial;

**The parties anticipate that this case should be set for trial by April 15, 2024.**

xvi. how long the trial is likely to take; and

**Plaintiff estimates that the trial should last 4-5 days**

xvii. any other matters appropriately addressed in the Joint Discovery/Case Management Plan and proposed Scheduling and Docket Control Order.

**None at this time.**

**Respectfully Submitted,**

**/s/ U.A. Lewis signed by permission EE**
**U.A. Lewis**
**State Bar No. 24076511**
**LEWIS LEWIS LAW GROUP**
**PO BOX 27353**
**Houston, TX 77227**
**myattorneyatlaw@gmail.com**
**COUNSEL FOR PLAINTIFF JAYLON JOHNSON**

**/s/ Stephanie M. Krueger**
**STEPHANIE M. KRUEGER**
**Texas No. 24078581**
**Federal ID No. 266522**
**SKrueger@thompsoncoe.com**
**Essay Eden**
**Texas No. 24120248**
**Federal ID No. 3600495**
**EEden@thompsoncoe.com**
**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
**One Riverway, Suite 1400**
**Houston, Texas 77056**
**Telephone: (713) 403-8210**
**Facsimile: (713) 403-8299**
**COUNSEL FOR DEFENDANT**

**WAGNER'S CARNIVAL**

*/s/ Kyle J. Moore signed by permission EE*
**Kyle J. Moore**
**State Bar No. 24117775**
**Federal ID No. 3801995**
**FEE, SMITH & SHARP, LLP**
**2777 Allen Parkway, Suite 800**
**Houston, TX 77019**
**kmoore@feesmith.com**
**COUNSEL FOR DEFENDANT ALMEDA MALL**